ELIZABETH PALMER

*v.*

JAMES A. CONVERSE.

1. DEED—*reforming of.* A deed will not be reformed by the decree of a court so as to make it express something entirely different from what is written upon its face, except upon evidence of the clearest and most satisfactory character.

APPEAL from the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. O. E. PAGE, for the appellant.

Messrs. HINMAN & MARSTON, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court :

This was a bill in chancery, brought by Elizabeth Palmer, to reform a deed made to her by the defendant, Converse, conveying a certain lot in the town of Cambridge. The deed describes the lot conveyed as having a depth of eighty feet, and the complainant insists the lot should have extended to a certain fence, distant about one hundred and ten feet from the front.

A deed will not be reformed by the decree of a court so as to make it express something entirely different from what is written upon its face, except upon evidence of the clearest and most satisfactory character. After a careful examination of the testimony in this record, we are satisfied it would not justify such a decree as the complainant asks.

The premises in question were part of lot 13, as laid out in the original survey. There were several subdivisions of this lot, owned by different persons. The defendant not only owned the portion of the lot now in controversy, and on which was a building used for mercantile purposes, but he owned a lot in the rear on which was a stable. A fence separated these two lots at a distance of about one hundred and ten feet from the front.

It appears that, for several days previous to the execution of the deed, Samuel Horn, an agent for the complainant, was negotiating with the defendant for the purchase of the front lot. He testifies with entire positiveness that the defendant pointed out to him the fence as the rear boundary of the lot, and that it was the lot thus bounded for which he contracted. The defendant, on the other hand, swears that nothing was said about the size of the lot. It is to be remarked that Horn bases his testimony, as to the depth of the lot, entirely on the

position of the fence. He swears to that as the boundary line, and not to a depth of one hundred and ten feet. The bill alleges, not that the lot bought was, by the terms of the contract, to extend north from the front a distance of one hundred and ten feet by measurement, but that it was to run north to the fence bounding the stable lot. The allegations of the bill and the testimony of Horn correspond.

The complainant, herself, was sworn, and testified that she first saw the defendant on the 13th of January, and that he said the depth of the lot was one hundred and ten feet, and that nothing was said about the lines. She further testifies, in chief, that she made him an offer on that day, and in the evening he called on Horn and accepted the offer.

But, on the cross-examination, she testifies that on the 15th she went to see defendant and have the deed executed. In the interview which then occurred, some modification was made of the proposed terms of the contract in regard to possession, and the complainant, looking out of a window in the store upon the lot, asked if it extended to the fence. The defendant replied that it extended to within fifteen feet of the fence. This was before the execution of the deed.

The complainant's son swears, that when, subsequently to the execution of the deed, the complainant had an interview with the defendant, she claimed she had bought to within fifteen feet of the fence.

However honestly Horn may have sworn that he bought to the fence, this testimony, from the lips of the complainant herself, completely disposes of this suit. This bill is based upon the contract to which Horn swears. It does not allege the line of one hundred and ten feet as the proper boundary, but the fence, and in the prayer it asks that the defendant be decreed to convey to the fence. Yet the complainant testifies that, before the contract was consummated, she was told by the defendant that the lot he was selling only extended to a line fifteen feet from the fence. Upon what ground, in the face of this testimony, we can be expected to reform the deed

and carry the boundary line to the fence, we do not understand.

It is true, the complainant also swears the defendant told her, on the 13th, the lot had a depth of one hundred and ten feet. It is to enforce the contract alleged to have been made with Horn, and calling for the fence as a boundary, that this bill is filed; and, as we have already shown, the complainant's own testimony tells us she did not understand her purchase in that way. As to her statement in regard to the one hundred and ten feet, while it is not the contract set up in the bill, or sworn to by Horn, it rests merely on her own testimony and that of one other witness who chanced to hear the conversation. But it is met by the face of the deed calling for eighty feet, which the magistrate, who took the acknowledgment, swears he read over to the parties in the presence of complainant. Not only that, but he testifies, when he read the description, he remarked he did not know how far the eighty feet would reach, and he heard no objections. The complainant's attention was thus called to the description, and she did not object, as she certainly would have done if she had bargained for one hundred and ten feet. Her testimony on this point is also contradicted by that of defendant. Having on one side the testimony of the complainant and of the witness Shephard, that the defendant said the lot was one hundred and ten feet deep, and on the other the deed itself calling for eighty feet, and accepted by the complainant, and the testimony of the magistrate and of the defendant sustaining the deed as it is written, we can not hesitate in saying that, even if it could be reformed on the evidence of the complainant standing alone, it can not be when contradicted as this evidence is in the present case.

*Decree affirmed.*